DIANE PIETROFESO, PLAINTIFF *v.* UNITED STATES, ET AL., U.S. CUSTOMS SERVICE, CAROL HALLETT, COMMISSIONER OF CUSTOMS, AND LLOYD BENTSEN, SECRETARY OF THE TREASURY, DEFENDANTS

Court No. 91–12–00897

(Dated March 17, 1994)

*Bettina Schein* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Mark S. Sochaczewsky)* for defendants.

OPINION

RESTANI, *Judge:* This case is currently before the court in its third incarnation. On two prior occasions, the United States Customs Service ("Customs") denied plaintiff Diane Pietrofeso a customs broker's license on the ground that she is related by blood and marriage to members of the Gambino organized crime family. In *Pietrofeso v. United States,* 801 F. Supp. 743 (Ct. Int'l Trade 1992) *("Pietrofeso I"),* the court remanded this case for an investigation into whether plaintiff's activity as a customs broker would likely be influenced or controlled by persons involved in criminal activities. *Id.* at 751. In *Pietrofeso v. United States,* Slip Op. 93–136 (July 26, 1993) *("Pietrofeso II"),* the court remanded the case again on the ground that

> [t]he government has failed to investigate either the nature and degree of Ms. Pietrofeso's contact with her family * * * or her husband's alleged criminal activity. Without such evidence, there can be no finding of likely influence or control.

*Id.* at 5. Customs has inexplicably waited until after the second remand to produce evidence of the influence that Peter Gotti, plaintiff's father, has over plaintiff's business activities.

After the first remand, the government introduced into the record information tending to prove that Peter Gotti held the position of a "captain" in the Gambino family. This evidence consisted of testimony during criminal proceedings against John Gotti, plaintiff's uncle and the reputed boss of the Gambino family.[1] On direct examination, one of the witnesses for the prosecution named Peter Gotti as a captain in the organization. Record at 4305, *United States v. Gotti,* No. CR 90–1051 (E.D.N.Y. 1992). For this reason, the court in *Pietrofeso II* found Peter Gotti's link to organized crime to be "evidenced in the record." Slip Op. 93–136, at 2.[2]

After the second remand, Ms. Pietrofeso admitted during a question and answer session to seeing her father "ever [sic] Sunday, and sometimes during the week." Question & Answer Session of 8/12/93, at 5, Ex. 14. She also authored the following letter in response to government inquiries:

(1) My attorney, Bettina Schein [,] was referred to me by my father who is familiar with Ms. Schein's work * * *.
(2) My father retained Ms. Schein.

Very truly yours,<br>
*Diane Pietrofeso*<br>
/s/

Letter from Ms. Pietrofeso of 8/17/93, Ex. 7. Ms. Schein later confirmed that Peter Gotti is billed for Ms. Schein's legal work in representing his daughter in this case. Letter from Ms. Schein of 9/10/93, at 1–2, Ex. 3; Letter from Ms. Schein of 9/14/93, at 1, Ex. 2.

Ms. Schein is a sole practitioner who describes herself as "of counsel" to Bruce Cutler, Esq. Pl.'s Br., at 6; Letter from Ms. Schein to Hon. I. Leo Glasser of 1/13/92, *United States v. Gotti,* CR 90–1051 (S–1), at 2, Ex. E–3. According to the Second Circuit, Bruce Cutler is "house counsel" to

---

[1] John Gotti was convicted and sentenced to life imprisonment based on his involvement with the Gambino crime family. *United States v. Gotti,* No. CR 90–1051 (E.D.N.Y. Jun. 23, 1992), *aff'd, United States v. Locascio,* 6 F.3d 924, 929 (2d Cir. 1993).

[2] Plaintiff objects that this testimony "cannot be cross examined" and thus presumably that reliance on this testimony would violate either the right to confrontation of witnesses or evidentiary rules on hearsay. Plaintiff's Motion for Summary Judgment & Response to the Secretary's Denial of the Customs Broker License after Reconsideration on Remand ("Pl.'s Br."), at 4. In doing so, plaintiff confuses procedures followed in a criminal trial with those operative in administrative proceedings.

Customs may consider any relevant hearsay evidence in determining whether to deny a customs broker's license. *Tarnove v. Bentsen,* Slip Op. 93–233, at 5 (Dec. 10, 1993); *Anderson v. United States,* 799 F. Supp. 1198, 1202 (Ct. Int'l Trade 1992). Proof that plaintiff's father is linked to organized crime is highly relevant here. Testimony providing that proof, although given in the context of an unrelated criminal trial and thus hearsay, is relevant and admissible in these administrative proceedings. *Compare* Fed. R. Evid. 804(b)(1) (former testimony of absent declarant admissible only if declarant is unavailable and party against whom testimony is offered had an opportunity and similar motive to question the witness).

Plaintiff also argues that the testimony is unreliable because Peter Gotti was acquitted when criminal charges were brought against him in the case of *United States v. Mangano,* No. CR 90–446 (E.D.N.Y. 1991). The fact that Peter Gotti was acquitted in a particular case means only that the charges against him were not proven beyond a reasonable doubt in that case. *See* 18 Charles A. Wright et al., *Federal Practice and Procedure* § 4422 (1981). A judgment of acquittal does not obliterate the value of evidence offered at a criminal trial; the government may attempt to prove the same proposition based on the same evidence in a proceeding with a lower standard of proof. *See id.*

the Gambino family. *United States v. Locascio,* 6 F.3d 924, 933 (2d Cir. 1993). For that reason, *inter alia,* Mr. Cutler was disqualified from representing John Gotti in federal criminal proceedings against him. *Id.* After objections by federal prosecutors on the ground of Ms. Schein's close association with Mr. Cutler, Ms. Schein was barred from acting as co-counsel on behalf of John Gotti in the same proceedings on January 9, 1992. Report of Investigation, at 6–9, Ex. 1.

Based on this additional evidence, the Commissioner of Customs determined on October 4, 1993 that "Ms. Pietrofeso cannot exercise sufficient independence to avoid improper influence or control by persons in her family involved in criminal activities." Letter from Commissioner Weise to Ms. Schein of 10/4/93, at 3, Ex. 16. Regarding plaintiff's choice of an attorney, the Commissioner found that "[r]ather than take this key opportunity to demonstrate her independence, Ms. Pietrofeso allowed her father to influence or control this critical decision." *Id.*[3] The Assistant Secretary of the Treasury "concur[red] with the decision of the Commissioner of Customs in all respects." Letter from Ass't Sec'y Noble to Ms. Schein of 12/9/93, at 1, Attach. to Def.'s Opp. to Pl.'s Br.

The court concludes that Customs has now presented sufficient evidence of the nature and degree of plaintiff's contact with her family to support a finding of likely influence or control by persons connected to organized crime. Therefore, plaintiff's motion for judgment on the agency record is denied and Customs' decision to deny plaintiff's application for a customs broker's license is upheld.

---

[3] The Commissioner also pointed out certain discrepancies regarding the source of funds for plaintiff's husband's business. Letter from Commissioner Weise to Ms. Schein of 10/4/93, at 4, Ex. 16. These discrepancies do not link plaintiff's husband directly to organized crime.